United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHIEF TERESA BECHER, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-12-4170 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>**(Docket No. 5)** |

　　　　Having considered the motion, all papers that are related thereto, and the argument of counsel, the Court hereby **GRANTS** Defendants' motion to dismiss and **DENIES** Defendants' motion to strike for the reasons stated on the record, and as summarized, in part, below.

　　　　The parties confirmed on the record that all Defendants are sued in only their individual capacities and that the first cause of action asserts a claim only against Defendants Montour and Anderson (and not Chief Becher) arising under the Fourth Amendment (and not the Fifth, Ninth, or Fourteenth Amendments). Defendants do not move to dismiss this cause of action as clarified.

　　　　The parties confirmed on the record that the second cause of action only states a claim arising under the Fourth Amendment (and not the Fifth, Ninth, or Fourteenth Amendments) against Defendant Becher in her individual capacity (and not Defendants Montour or Anderson). The Court **DISMISSES** without prejudice (with leave to amend within 30 days) Plaintiff's second cause of action. In a section 1983 suit, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisor may be held liable for the actions of his or her subordinates "'if there exists either (1) his or her

personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)).

> The requisite causal connection can be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

*Id.* at 1207-08 (internal citations, alterations, and quotation marks omitted).

Here, Plaintiff does not make any specific allegations about how Chief Becher's conduct resulted in his constitutional deprivation, beyond conclusory statements regarding her approving, ratifying, condoning, encouraging, or tacitly authorizing a pattern and practice of misconduct. Such conclusory allegations do not suffice to state a cause of action. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). Post-facto ratification of a singular instance of wrongdoing against the Plaintiff may not satisfy the causation requirement.

The parties confirmed on the record that the third cause of action only asserts a claim arising under the Fourth Amendment (and not the Fifth, Ninth, or Fourteenth Amendments) against Defendant Becher in her individual capacity (and not Defendants Montour or Anderson). The Court **DISMISSES** with prejudice Plaintiff's third cause of action. Plaintiff's third cause of action is predicated on liability established under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), which provides for municipal liability where there is a custom or policy causing the harm to plaintiffs. It does not establish individual liability such as that of Chief Becher in her individual capacity. If Plaintiff sought to name Chief Becher in her official capacity, this cause of action would nevertheless be barred pursuant to the Eleventh Amendment, as the California Highway Patrol, for whom Chief Becher works, is a *state* entity, not a municipal entity. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

In his papers and as confirmed at the hearing, Plaintiff is abandoning his fourth cause of action for assault and battery, his fifth cause of action for false arrest and imprisonment, his sixth cause of action for intentional infliction of emotional distress, his eighth cause of action for violation of California Civil Code section 51.7, and his ninth cause of action for violation of California Civil Code section 52.1 against Chief Becher. Defendants confirmed on the record that they do not move to dismiss these causes of action as against Defendants Montour or Anderson. Plaintiff indicated in his papers and confirmed at the hearing in this matter that he is withdrawing his seventh cause of action for negligent infliction of emotional distress as to all Defendants.

Defendant moved to strike Plaintiff's tenth cause of action (which Plaintiff concedes is brought against Officers Montour and Anderson and not against Chief Becher), for negligence, on the grounds that it is redundant with his other state law claims. The motion is brought only as to the claim against Defendant Montour. Even though there is some overlap between Plaintiff's negligence cause of action and his claims, the negligence cause of action is both broader than and legally distinguishable from the other causes of action, such as assault and battery, which requires intent, and false arrest, which would not apply to conduct before Plaintiff was arrested. Thus, the Court **DENIES** Defendants' motion to strike Plaintiff's tenth cause of action.

This order disposes of Docket No. 5.

IT IS SO ORDERED.

Dated: November 7, 2012

EDWARD M. CHEN
United States District Judge