UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CHIEF TERESA BECHER, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-4170 EMC<br><br>**ORDER GRANTING DEFENDANT CHIEF BECHER'S MOTION TO DISMISS**<br><br>**(Docket No. 18)** |

After Plaintiff Carlos Mendez filed his initial complaint for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983 on August 8, 2012, in which he named Chief Teresa Becher, Officer Montour, and Officer J.W. Anderson of the Golden Gate Division of the California Highway Patrol as Defendants (Docket No. 1), this Court dismissed a number of Plaintiff's claims and granted Plaintiff leave to amend (Docket No. 15). In its order, the Court determined that "Plaintiff [did] not make any specific allegations about how Chief Becher's conduct resulted in his constitutional deprivation, beyond conclusory statements regarding her approving, ratifying, condoning, encouraging, or tacitly authorizing a pattern and practice of misconduct" and thus dismissed Plaintiff's complaint as against Chief Becher. *See* Docket No. 15.

Despite the Court's admonition that he needed to plead more facts in order to state a claim against Chief Becher, Plaintiff filed a first amended complaint ("FAC") on December 6, 2012 simply concluding that Chief Becher "knew and/or reasonably should have known about acts of misconduct by Defendants MONTOUR, ANDERSON, and DOES 1-10," that she "approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of

1 misconduct and/or civil rights violations," and that, "as a result of the deliberate indifference,
2 reckless and/or conscious disregard of the misconduct by Defendants MONTOUR, ANDERSON,
3 and DOES 1-10," Chief Becher "encouraged these officers and/or agents to continue their course of
4 misconduct." *See* FAC ¶¶ 30-35.  Chief Becher subsequently moved to again dismiss all claims
5 against her.  *See* Mot. to Dismiss, Docket No. 18.  The Court finds this matter suitable for
6 disposition without oral argument and **VACATES** the hearing set for February 7, 2013.

As stated in the Court's previous order, in a section 1983 suit "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A supervisor may be held liable for the actions of his or her subordinates "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)).

> The requisite causal connection can be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury.  A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

*Id.* at 1207-08 (internal citations, alterations, and quotation marks omitted).  When attempting to establish individual liability in a suit arising under 42 U.S.C. § 1983, a complaint "based on conclusory allegations and generalities, without any allegation of the specific wrong-doing by each Defendant," is insufficient.  *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

Here, Plaintiff's first amended complaint has failed to remedy the deficiencies of his previous complaint, instead simply repackaging conclusory allegations against Chief Becher.  In his brief in opposition to Chief Becher's motion to dismiss, Plaintiff argues new facts not pled in his complaint, including (1) that Officer Montour and Officer Anderson's misconduct was so egregious that it could only have occurred in an atmosphere where such acts are not admonished, (2) that Chief Becher, through the routine administration of her duties as chief, reviewed or was required to review

Plaintiff's citizen complaint, her department's response, and the attendant incident report of the relevant incident and failed to admonish or discipline Officer Montour or Officer Anderson, thereby ratifying and condoning their misconduct, and (3) that discovery will reveal instances of similar conduct left unchecked. *See* Pl.'s Opp'n to Mot. to Dismiss, Docket No. 20, at 4-5. As a preliminary matter, Plaintiff did not plead any of these facts in his first amended complaint, and thus they have no bearing on the disposition of the current motion. However, even if he had pled them, they would still be insufficient to state a claim against Chief Becher. For one, the first new claim makes no allegations as to Chief Becher's specific wrong-doing, as required. *See Hydrick*, 669 F.3d at 942. Second, as mentioned in the Court's earlier order, "[p]ost-facto ratification of a singular instance of wrongdoing against the Plaintiff may not satisfy the causation requirement." *See* Order, Docket No. 15, at 2:14-15. Lastly, speculation that discovery may turn over facts suggesting deliberate indifference does not suffice, as Plaintiff "must still allege sufficient facts to plausibly establish [Chief Becher's] knowledge of and acquiescence in the unconstitutional conduct of [her] subordinates." *See Hydrick*, 669 F.3d at 942 (quotation marks and citation omitted).

In sum, Plaintiff's first amended complaint fails as against Chief Becher for the exact same reason as did his initial complaint. Thus, the Court **GRANTS** Chief Becher's motion to dismiss. As Plaintiff has already had the opportunity to amend his complaint, but failed to plead any additional facts as against Chief Becher, the Court does not give Plaintiff leave to amend at this juncture. If Plaintiff obtains additional information that suggests a potential claim against Chief Becher, he may move the Court for leave to amend his complaint to reinsert her as a Defendant, but is advised to

///
///
///
///
///
///
///
///

3

ensure that, pursuant to Federal Rules of Civil Procedure, Rule 11(b)(3), the factual contentions contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

This order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: February 5, 2013

_____
EDWARD M. CHEN
United States District Judge

4