UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDEZ,<br>        Plaintiff,<br><br>    v.<br><br>OFFICER MONTOUR, et al.,<br>        Defendants. | Case No. 12-cv-04170-WHO<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>Re: Dkt. No. 55 |

Plaintiff Carlos Mendez alleges that he was injured when defendant California Highway Patrol Officer Montour used excessive force during an arrest after plaintiff's car broke down on the shoulder of Interstate 80 in Richmond, California. The question I must answer on defendants' motion for summary judgment is whether Montour's partner, defendant California Highway Patrol Officer Anderson, who was in the process of handcuffing Mendez when Montour dropped Mendez to the ground, is also potentially liable because he was an integral participant with Montour or should have stopped Montour. Because there is no evidence that Anderson used excessive force, there was no plan to injure Mendez, and Anderson had no opportunity to stop Montour, I GRANT defendants' motion.

## BACKGROUND

On the evening of June 18, 2011, Mendez drove his girlfriend Sandra Zamora to a restaurant and consumed at least two alcoholic beverages. Mendez was on probation for a 2008 DUI, and as a condition of probation was prohibited from driving without a license. While driving back from the restaurant, Mendez's car broke down on Interstate 80 at 8:30 p.m. and Mendez pulled over to the shoulder. Anderson and Montour were on patrol and spotted Mendez's vehicle. They stopped and Anderson approached the vehicle. Anderson asked Mendez for his license, proof of registration, and insurance. Mendez did not have a driver's license with him.

Anderson claims to have smelled alcohol on Mendez. Concerned about safety, as the car was located on the shoulder of Interstate 80, the officers decided to have Mendez's car towed to a nearby parking lot so that Anderson could perform field sobriety tests on Mendez. Mendez was handcuffed, searched, and put in the patrol car. Zamora was also searched, handcuffed, and put in the patrol car. The officers called a tow truck which, after a significant wait time, arrived and towed Mendez's car to the nearby parking lot. At the parking lot, Mendez was uncuffed and Anderson conducted field sobriety tests on him.

Concluding that Mendez had been driving under the influence and/or had been driving without a license in violation of California law, Anderson started to arrest Mendez. Mendez was instructed to place his hands on his head. While Anderson took Mendez's left hand down to cuff him, Mendez removed his right hand from his head. At that point, Montour interceded. Mendez alleged that Montour swept the legs out from him and dropped him to the ground, where he was fully cuffed. Mendez claims to have suffered various injuries from these actions by Montour, including a broken wrist.

The officers got Mendez back on his feet and maneuvered him to the patrol car. Mendez claims that Montour unnecessarily forced Mendez into the car, causing Mendez to slam his head on the patrol car and suffer further injuries.

A subsequently taken blood alcohol test showed that Mendez's blood alcohol level was .22 %, almost three times the legal limit to drive of .08%.

Mendez sues Anderson and Montour for false arrest under state and federal law, as well as for excessive force used in the arrest. Both defendants move for partial summary judgment, arguing that the undisputed facts establish that the arrest was lawful. Anderson also moves for summary judgment arguing that he cannot be held liable for the allegedly excessive force used by Montour in the arrest.[1] In Opposition, Mendez admits that defendants are entitled to qualified immunity on his false arrest claims under state and federal law. Oppo.Br. at 5, 9-10. Therefore, I

---

[1] Defendant Montour does not move for summary judgment on the issue of whether he used excessive force in the arrest, recognizing that disputed issues of material fact exist on that question which must be resolved at trial.

1  GRANT defendants' motion for partial summary judgment as to the false arrest claims. Mendez
2  opposes the motion as to Anderson's liability for the excessive force, arguing that there are
3  disputed material facts as to Anderson's "integral participation" in the excessive force allegedly
4  used by Montour. Oral argument on defendants' motion was held on March 19, 2014.

### LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the court "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate specific facts showing a genuine issue for trial." *Id*. at 324 (quotation marks omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . .

1 ruling on a motion for summary judgment." *Id*. However, conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

### I. DISCOVERY DISPUTE – DEPOSITION OF THE DEFENDANT OFFICERS

Mendez did not take the depositions of the defendant officers before the discovery cutoff in this case. Mendez now argues that it would be unfair to require him to go to trial without having deposed Montour and Anderson. Oppo. Br. at 5-6.[2] Mendez asserts there was a "tacit" agreement to take the officers' depositions after the discovery cutoff, but provides no evidence of any tacit agreement. Defendants deny that there was one. Even a "tacit agreement" between the parties would not be a sufficient excuse for Mendez to ignore the discovery deadlines in this case and then wait until filing an opposition to defendants' motion for summary judgment to seek relief from the Court. Absent a showing of good cause, which was not made, I will not reopen discovery.

### II. EXCESSIVE FORCE BY OFFICER ANDERSON

Anderson moves for summary judgment on Mendez's claim of excessive force because there is no evidence that Anderson used any force in the arrest of Mendez. Defendants rely on Mendez's own deposition testimony and answers to interrogatories, where he admitted that (i) Anderson did not tackle Mendez or force him into the patrol car and (ii) Montour was responsible for Mendez's injuries. *See* Deposition of Carlos Mendez [Docket No. 58-1] at 102:18-20, 110:17-20; Defendants' Appendix, Ex. E, Pltf's Interrog. Resp. at 3.

Mendez responds that Anderson can be held liable for the alleged excessive force used by Montour under two theories: first, that Anderson was an integral participant in the excessive force; and second, that Anderson should have stopped or otherwise prevented Montour from using excessive force. Based on the undisputed evidence, Mendez's arguments fail.

---

[2] Mendez indicated in his Opposition Brief that contemporaneous with filing his opposition, he would submit a letter brief seeking leave to file a motion to reopen discovery. Oppo. Br. at 6, n.2. However, no letter brief or motion to reopen was filed.

4

As to Anderson's "integral participation," there is no evidence in the record that creates a material issue of fact concerning Anderson's role in Mendez's arrest. Anderson took down Mendez's left hand to cuff him and when Mendez brought down his right hand, Montour tackled him by pushing him from behind, attempted to take control of both of Mendez's hands, and put his weight on top of Mendez once Mendez was on the ground. Mendez Depo. at 101-106. Mendez testified that it was Montour who pulled him up from the ground and pushed Mendez into the patrol car, not Anderson. Mendez Depo. at 107- 112.

Mendez argues that there are disputed material facts because Anderson held Mendez's left arm (to cuff him) while Montour took Mendez down by leveraging Mendez over his outstretched right arm. Both officers finished cuffing Mendez, helped get Mendez back on his feet, and maneuvered Mendez to the patrol car. Oppo. Br. at 10-11. However, Mendez testified that Anderson had control of his left hand and cuffed it, but that it was Montour who tackled him and attempted to get "control of his hands." Mendez Depo. at 100:8-24. Similarly, Zamora testified that Montour took out Mendez's legs, causing Mendez land to land on his uncuffed right hand (the hand that was broken). Deposition Testimony of Sandra Zamora [Docket No. 58-2] at 25:1-2. Zamora also testified that it was Montour who pulled Mendez him up from the ground, "aggressively" by the cuffs. *Id*. at 25:3-4; 52:7-10. Zamora confirmed, consistent with Mendez's testimony, that it was Montour who pushed Mendez into the patrol car. *Id*. at 61-62 (Montour pushed Mendez into the car); 63:13-15 ("The other officer did not hurt [Mendez]. He was just there watching everything, obviously because he didn't know what to do."); *see also* Defendants' Appendix, Ex. E, Pltf's Interrog. Resp. at 3 ("Officer J. Montour inflicted all injuries alleged"); Zamora Depo. at 63:13-15 (Officer Anderson "did not hurt" Mendez).

There is simply no evidence, much less a disputed material fact, that Anderson played any role – physically or by verbally encouraging Montour – in the force that resulted in the harms allegedly suffered by Mendez.

To support his argument, Mendez relies on *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). In that case, the Ninth Circuit confirmed that an "officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation." *Id*. at 481, n.12 (citing

5

1    *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996)).  The court explained that "integral
2    participation" requires that the officer have "some fundamental involvement in the conduct that
3    allegedly caused the violation." *Id*. at 481, n.12; *see also Chuman v. Wright*, 76 F.3d 292, 295
4    (9th Cir. 1996) (section 1983 liability requires "at least an integral participation by the offending
5    defendant" and can only be based on "each individual's liability on his own conduct.").  In
6    *Blankenhorn*, the plaintiff's excessive force claims were based in part on the unconstitutional use
7    of hobble restraints.  The court affirmed summary judgment as to officers who arrived at the scene
8    after the arrest was completed or provided crowd control and, therefore, could not be found to
9    have "integrally participated" in use of the restraints.  However, the officers who ordered the use
10   of the hobble restraints and who tackled and restrained the plaintiff while the restraints were
11   placed, could be found to have "participated in an integral way" in the alleged unconstitutional
12   activity.  *Id*.

13   Here, however, there is no evidence that Anderson authorized, knew in advance,
14   encouraged, or otherwise helped Montour take down Mendez or slam Mendez into the patrol car.
15   Anderson testified that he was handling Mendez's arrest/cuffing and then maneuvering Mendez to
16   the patrol car, but both times Montour "stepped in."  Declaration of John W. Anderson, ¶¶ 7-8.
17   There is simply no evidence that could raise a question of fact that Anderson meaningfully
18   participated in Montour's alleged use of excessive force.  *Compare Boyd v. Benton County*, 374
19   F.3d 773, 780 (9th Cir. 2004) (holding that every officer who provided armed backup for another
20   officer who unconstitutionally deployed a flash-bang device to gain entry to a suspect's home
21   could be held liable for that use of excessive force because "every officer participated in some
22   meaningful way" in the arrest and "every officer was aware of the decision to use the flash-bang,
23   did not object to it, and participated in the search operation knowing the flashbang was to be
24   deployed").

25   As to Mendez's claim that Anderson should have attempted to stop Montour's use of force,
26   there is nothing to suggest that Anderson had a realistic opportunity to do so, given the way the
27   undisputed events unfolded and the time frame.  Mendez relies on *Cunningham v. Gates*, 229 F.3d
28   1271 (9th Cir. 2000), where the Ninth Circuit confirmed that law enforcement officers have a duty

6

to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen but *only* if they have a realistic opportunity to intercede prevent the violation.  *Id*. at 1289; *see also Gaudreault v. Salem*, 923 F.2d 203, 207 at n.3 (1st Cir. 1990) (no "realistic opportunity" where attack came quickly and was over in a matter of seconds).  In *Cunningham*, the Court affirmed summary judgment where the undisputed evidence showed that officers at the scene had no "realistic opportunity" to intercede.  *Id*. at 1290.  That is the case here.  Mendez has introduced no evidence to create a material fact as to the ability of Anderson to intercede to prevent Montour from taking Mendez down or preventing Montour from pushing Mendez into the patrol car.

Finally, while Mendez complains about the prejudice that will result if he cannot depose Anderson on these points, Mendez cannot avoid summary judgment as to Anderson based on his own failure to timely seek discovery.  Moreover, Mendez could have submitted evidence of his own, through a declaration on points not otherwise addressed in his or Zamora's deposition testimony, to create a material issue of fact as to Anderson's conduct.  He did not.[3]

## CONCLUSION

For the foregoing reasons, summary judgment is GRANTED to defendant Anderson on all claims asserted against him.  Partial summary judgment is also GRANTED to defendant Montour on the federal and state false arrest claims.

**IT IS SO ORDERED**.

Dated: March 21, 2014

WILLIAM H. ORRICK
United States District Judge

---

[3] In his opposition brief and at oral argument Mendez failed mention or oppose defendant Anderson's motion for summary judgment on the state law excessive force claims.  *See* Reply at 6-7.  Under state law, Officer Anderson cannot be held liable for the acts of Officer Montour.  *See* Cal. Gov't Code § 820.8 ("a public employee is not liable for an injury caused by the act or omission of another person.").  Similarly, Mendez did not address his intentional infliction of emotional distress, negligence, and Cal. Civil Code § 51.7 (freedom from violence) and § 52.1 (injunctive relief from interference with enjoyment of legal rights) claims.  Those claims arise from, and hinge on, the false arrest and excessive force allegations that have not survived summary judgment.  Therefore, summary judgment to defendant Anderson on these claims is GRANTED as well.